IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:21CR6 |
| | ) | |
| NATHAN DEALBERT MATTOCKS | ) | |

DEFENDANT'S POSITION ON SENTENCING

The Defendant by and through counsel, Shawn M. Cline, Esq., represents to the court that he has unresolved objections to the sentencing guidelines as calculated by probation. Based upon the objections outlined herein, the defendant hereby and through counsel argues that the appropriate sentencing guideline range is 33 to 41 months plus 120 months consecutive. Defendant requests the low end of that adjusted guideline range. Such a sentence is sufficient, but not greater than necessary, to satisfy the sentencing factors outlined in 18 U.S.C. §3553(a).

1. **STATUTORY AND GUIDELINES OVERVIEW**

Mr. Mattocks comes before the Court for sentencing for one count of Conspiracy to Distribute and Possession with Intent to Distribute Heroin, Cocaine, Methamphetamine, and Fentanyl, in violation of 21 U.S.C. §841(b)(1)(C); one count of Distribution of Methamphetamine, in violation of 21 U.S.C. §841(b)(1)(C); one count of Distribution of Fentanyl, in violation of 21 U.S.C. §841(b)(1)(C); one count of Possession, Use, Brandishing a Firearm in Relation to and in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(1)(A); one count of Possession, Use of a Firearm in Furtherance of and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c)(1)(A); one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g)(1); two counts of Tampering with a

Witness by Physical Force or Threat, in violation of 18 U.S.C. §1512(a)(2)(B)(i); two counts of Retaliating Against a Witness, in violation of 18 U.S.C. §1513(b)(1); and one count of Obstruction of Justice, in violation of 18 U.S.C. §1503. He faces a maximum term of 175 years imprisonment and 5 years supervised release. The United States Probation Office has calculated an advisory guideline sentencing range of 292-356 months plus 180 months consecutive. Based on the objections noted herein, Mr. Mattocks argues that the appropriate guideline range is 33-41 months, plus 120 months consecutive.

### 2. DEFENDANT'S OBJECTIONS TO GUIDELINE RANGE

The defendant notes the following objections to the sentencing guidelines by paragraph as follows:

Paragraph 9: Defendant denies this conduct in its entirety.

Paragraph 10: Defendant denies this conduct in its entirety.

Paragraph 14: Defendant denies selling Witness #1 crack and heroin.

Paragraph 15: Defendant denies this conduct in its entirety.

Paragraph 16: Defendant denies this conduct in its entirety.

Defendant will testify and deny these allegations under oath, none of which were proven during his trial.

Paragraph 17: Based on the drug weight objections above, Defendant should properly be attributed with 1.94 grams of heroin, 1.22 grams of methamphetamine, 5.6 grams of cocaine, 3000 mg of fentanyl, and one gram of marijuana.

Paragraph 25: Based on these weights, Defendant converted drug weight should be 13.01 kg, for an offense level of 13 for that grouping.

Paragraph 37: Defendant objects to the application of the additional 5 year mandatory minimum for Count 8 as it is a lesser included offense and part of the conduct for which he was convicted in Count 7.  The legal basis will be discussed below.

Paragraph 44: Based on the calculations in paragraph 25, the applicable guideline provision for Counts 10-14 would be U.S.S.G. 2J1.2 for a base offense level of 14 as that exceeds the base offense level for the underlying offense.

Paragraph 50: Based on paragraph 44, the highest grouping would be Counts 10-14.  The calculation should appear as follows:

| Counts | Adjusted Offense Level | Units |
| --- | --- | --- |
| 10-14 | 14 | 1.0 |
| 7 | 0 | 0.0 |
| 8 | 0 | 0.0 |
| 1,4, and 6 | 13 | 1.0 |

Paragraph 51: The offense level would be increased two units based upon U.S.S.G. §3D1.4.

Paragraph 52: The combined adjusted offense level would be 16.

Paragraph 117: A combined adjusted offense level of 16 with a criminal history category of IV results in an advisory guideline range of 33-41 months, plus 120 months consecutive.

### 3. APPLICATION OF 18 U.S.C. §924(c) COUNTS

Count 7 charges Defendant with knowingly and unlawfully carrying, possessing, brandishing, and discharging a firearm, specifically a TAURUS Model PT111 during and in relations to, and in furtherance of a drug trafficking crime on or about August 5th, 2020.  Count 8 charges Defendant with knowingly and unlawfully carrying and possessing a firearm, specifically a TAURUS Model PT111, during and in relation to, and in furtherance of a drug trafficking crime also on or about August 5th, 2020.  Defendant's position is that the mandatory 5

years for Count 8 should not apply as it is a lesser included offense of Count 7 which carries the great penalty of 10 years consecutive.

The evidence presented at trial was that Defendant was involved in a single event involving a firearm on August 5th, 2020, wherein he followed a vehicle in Gloucester County, the driver of which he believed owed him money for a narcotics transaction. In the course of that pursuit he fired the TAURUS Model PT 111 at the vehicle being pursued, hitting it multiple times. There was no evidence presented of a separate event on or about that date in which Defendant possessed a TAURUS Model PT111 in furtherance of a drug trafficking crime without discharging it.

The parties discussed this issue without reaching a resolution. Based on these discussions it is Defendant's expectation that the United States will primarily rely upon *United Sates v. Khan*, 461 F.3d 477 (4th Cir. 2006) and an opinion issued by Judge Davis of this court as part of *United States v. Hasan*, No. 2:10CR56, 2011 WL 10620312 (EDVA Mar 9, 2011). Neither case supports such a position for the reasons that follow.

In *Khan*, the defendants were convicted of multiple 18 U.S.C. §924(c) offenses which the court determined should run consecutively. Unlike Mr. Mattocks, the defendants in *Khan* engaged in multiple distinct events in which they used a firearm in furtherance of a crime of violence in violation of 18 U.S.C. 924(c). Specifically on one occasion defendants "fired on Indian positions in Kashmir" *Khan* at 489 and on another occasion fired multiple rounds at targets at a terrorist training camp in furtherance of the same conspiracy. *Khan* at 490. The court analyzed these distinct events and found that Khan could properly receive consecutive 18 U.S.C. 924(c) sentences because the distinct events underlying each count. In so doing, the court stated that "In order to determine whether consecutive § 924(c) sentences violate the Double Jeopardy

Clause, '[t]he court must concern itself with whether the underlying crimes of violence supporting the § 924(c) charges are duplicative under a double jeopardy analysis. As long as the underlying crimes are not identical under the *Blockburger* analysis, then consecutive § 924(c) sentences are permissible." *Khan* at 493-94, quoting *United States v. Luskin*, 926 F.2d 372, 376-77 (4th Cir. 1991). Clearly in the instant case where there are not two distinct firearm events on the date in question the underlying drug trafficking crimes are identical under a *Blockburger* analysis. Under such an analysis, even as charged every act alleged in Count 8 is included in Count 7, which would violate *Blockburger*. The analysis is not changed in reviewing the opinion in *United States v. Hasan*, No. 2:10-CR-56, 2011 WL 10620312 (ED Va. Mar. 9, 2011) as that case involves three separate counts of conviction for possession and use of three separate weapons, specifically two AK-47s and one rocket propelled grenade, resulting in three separate and consecutive 18 U.S.C. 924(c) sentences. *Hasan* at 5. The instant case involves two 18 U.S.C. 924(c) convictions arising out of a single use of a single firearm. The only applicable sentence enhancement should come from Count 7, which is the greater of the two at 120 months consecutive.

4. **ARGUMENT**

   A. **The Sentencing Guidelines are Advisory**

As the Court is aware, the sentencing guidelines are purely advisory, and while they bear due consideration, the Court is free to impose a variance sentence above or below the calculated guideline range. *See United States v. Booker*, 543 U.S. 220 (2005). The Court expanded this sentencing discretion with *Nelson v. United States*, finding that the District Court erred in presuming that a sentence within the guideline range was reasonable. *Nelson v. United States*,

129 S.Ct. 890, 892 (2009). The Court has cautioned that sentencing judges cannot allow the advisory sentencing guidelines to be used as a substitute for the court's independent determination of an appropriate sentence according to the 18 U.S.C. §3553(a) factors. *Spears v. United States*, 129 S.Ct. 840 (2009). Ultimately, the Court must look at the individual characteristics of Mr. Mattocks and the conduct at issue and apply the §3553(a) factors in crafting an individualized sentence that furthers these objectives.

  B. **3553(a) Factors as Applied to Mr. Mattocks**

Regardless of the advisory sentencing guideline range, the Court is bound by statute to consider the 18 U.S.C. §3553(a) factors when crafting a sentence that is "sufficient, but not greater than necessary" to comply with their purposes. First, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The Court must consider the need for the sentence to "reflect the seriousness of the offense" and to "afford adequate deterrence to criminal conduct". The Court must consider the kinds of sentences available as well as the advisory sentencing range. Additionally, the Court must formulate a sentence that will "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner".

Given the duration of this case and the unusual course it has taken, the court and the parties have become familiar with Mr. Mattocks, his personality, and his life history in a way that is unusual even for a lengthy trial such as this. Mr. Mattocks had his day in court, which was his wish, and upon hearing the evidence the jury convicted him of the most serious counts against him. But the picture that was revealed (present guidelines notwithstanding) was not of a high-level narcotics trafficker, or even of a mid-level trafficker for that matter. To the contrary, it was clear through the testimony that Mr. Mattocks sold relatively small quantities of drugs to

feed his own addiction. He never profited from his involvement in the drug trade in any meaningful financial respect, and largely just did what he needed to support his own drug habit. Most of the people with whom he would travel were addicts themselves, and many had their own sources of supply. Obviously Mr.Mattocks's use and discharge of a firearm places him in a different category, but the 120 month consecutive sentence under 18 U.S.C. 924(c) is more than adequate to address this disparity. His conduct after arrest has left much to be desired, and certainly he deserves to be punished for his actions in attempting to obstruct justice through witness tampering. The guidelines proposed herein would make that offense the controlling guideline calculator and would produce a lengthy sentence that satisfies the objectives of 18 U.S.C. §3553(a).

     Mr. Mattocks is 38 years old and was raised primarily by his mother in New York. During his time there he had great support from his family, most of whom lived and continue to live in that area. His parents never married and when he was 10 years old his mother took him to Virginia to get away from his father. However, his father followed to Virginia and presently both he and Mr. Mattocks's mother live in the local area.

     Mr. Mattocks's father set a generally poor example for him, abusing and selling narcotics all while physically abusing Mr. Mattocks's mother. This abuse was continuous and at one point involved him pushing her out of a moving vehicle, an event which effectively ended Mr. Mattocks's relationship with his father. Unfortunately, Mr. Mattocks's mother suffered from drug addiction as well, and he discovered at a young age that she was using crack cocaine. Sadly, Mr. Mattocks would steal his mother's crack cocaine for his own use when he was living with her. This resulted in him being placed on juvenile probation and moving in with his aunt.

Mr. Mattocks has a criminal history going back to 1999 when he was just 14 years old. Initially he was prosecuted for possession of tobacco, but within a year he was facing more serious charges for possession of crack cocaine (which he stole from his mother). Fairly quickly things regressed further and at the age of 18 Mr. Mattocks secured his first felony conviction for breaking and entering. The reason for this crime was to support his growing addiction to drugs. This was followed by convictions for possession of a controlled substance and DUI. In 2008 he was convicted of attempted robbery. He struggled on probation, largely due to his substance abuse issues, and his suspended sentence was revoked twice.

Mr. Mattocks served a substantial prison sentence for his attempted robbery conviction and the various revocations. During this time he developed a clothing line which he hopes one day to bring to market. While incarcerated he also met his current girlfriend with whom he is very close. That said, he has never married and has no children to support.

The cause of so much of Mr. Mattocks's unpleasant existence has been his rampant drug addiction. He began consuming alcohol at the age of 11 in his mother's home. He also began smoking marijuana at that time. This became a daily habit until he was incarcerated. He was introduced to powder cocaine while incarcerated at the age of 26. He would use marijuana to offset the effects of his cocaine use. Upon his release from incarceration Mr. Mattocks resumed his voracious drug habit, which is largely what brings him before the court today.

Mr. Mattocks would welcome the opportunity to undergo drug and alcohol treatment while in the Bureau of Prisons and there is no suggestion that he would not benefit from this. Mr. Mattocks has his GED but would certainly benefit from additional academic work in BOP. He would also benefit from vocational training as he has no meaningful employment record to this point in his life.

The court is aware of the tremendous rehabilitative potential offered by the BOP in terms of not simply an opportunity for a convict to undergo penance, but also an opportunity for him to benefit from the various vocational and educational offerings unique to the BOP. 33 months plus 120 months confinement gives Mr. Mattocks more than adequate time to satisfy these and the other 18 U.S.C. 3553(a) objectives.

## **CONCLUSION**

Taking into consideration the 18 U.S.C. §3553 factors and the objections herein, the defense requests a sentence of 153 months, which represents the low end of the proposed guidelines based upon the objections outlined above. Such a sentence is sufficient, but not greater than necessary, to satisfy the sentencing factors outlined in 18 U.S.C. §3553(a).

Respectfully submitted,

SHAWN M. CLINE
ATTORNEY FOR DEFENDANT

_____/s/_____
Shawn M. Cline
Attorney for Defendant
Virginia State Bar No. 48176
The Law Office of Shawn M. Cline, PC
38 Wine Street
Hampton, VA 23669
(757)224-1777
(757)224-0664 fax
scline@hamptonroadsdefense.com

Certificate of Service

       I certify that on December 29th, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Kenneth B. Kaplan, Esquire
Special Assistant United States Attorney
Brian J. Samuels, Esquire
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
721 Lakefront Commons
Suite 300
Newport News, VA 23606
Office Number: (757) 591-4000
Brian.samuels@usdoj.gov
Kenneth.kaplan@usdoj.gov

                                          By:_____/s/_____

                                         Shawn M. Cline
                                         Attorney for Defendant
                                         Virginia State Bar No. 48176
                                         The Law Office of Shawn M. Cline, PC
                                         38 Wine Street
                                         Hampton, VA 23669
                                         (757)224-1777
                                         (757)224-0664 fax
                                         scline@hamptonroadsdefense.com